UVALDE ASPHALT PAVING CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.)

MUNICIPAL CORPORATIONS (§ 368*) — PUBLIC IMPROVEMENTS — CONTRACTS — MAINTENANCE—"PAVEMENTS."

In a contract for the improvement of a street, including pavement, curb, sidewalks, iron fence, and sod, a clause requiring the contractor to regulate, grade, and pave, in accordance with the specifications, with iron slag block, wood block, and granite block pavement, the streets named, and to maintain said "pavements" for specified periods, the pavements to be maintained do not include the sidewalks, especially where the proposal for estimates stated that the block pavements were to be maintained, but made no such statement concerning the sidewalks.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 901; Dec. Dig. § 368.*

For other definitions, see Words and Phrases, First and Second Series, Pave.]

Shearn, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Uvalde Asphalt Paving Company against the City of New York. Judgment for the defendant, and plaintiff appeals. Reversed, and judgment entered for plaintiff.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

John C. Wait, of New York City (Charles A. Winter, of New York City, of counsel), for appellant.

Frank L. Polk, Corp. Counsel, of New York City (Terence Farley and John F. O'Brien, both of New York City, and James P. O'Connor, of Rochester, of counsel), for respondent.

PENDLETON, J. The action is brought against the city to recover for certain work done on a sidewalk, and the question is whether sidewalks are within the maintenance clause of the city contracts requiring the maintenance of the "said pavements." The clause in question provides that the contractor will furnish all labor and materials and "in strict accordance with the specifications" "regulate, grade, and pave with iron slag block, wood block, and granite block pavement * * * the streets mentioned, set and reset curbstones," etc., "as may be necessary, all as herein provided and maintain *said pavements*," etc., "for the period of one year for slag and granite and five years for wood."

The specifications and proposals for estimate are specifically made part of the contract, and these disclose that the improvement contemplated included iron slag block pavement, granite block pavement, wood block pavement, standard and special curb, cement sidewalks, some iron fence, and an amount of sod furnished and laid. It is entirely evident that all this is not included in the words of the above clause to "pave with iron slag block, wood block, and granite block pavement." Such work as is not included in such words must be included in the other parts of the contractor's obligation. The words "said pavements" in the maintenance part of the clause clearly refer to that part of the work included in the above-quoted words, requiring the contractor to pave with three specified kinds of pavement, and, as said clause cannot include work other than paving with said three kinds of pavement, it seems very clear no other work was covered by the maintenance clause, and the sidewalks are not included therein.

Reference to other parts of the contract, specifications, and proposal strongly accentuates this view. In the proposal for estimates, opposite the estimated amounts of iron slag block and granite block pavements are written the words "with one year maintenance," and opposite wood block pavement the words "with five years maintenance," while no such words are opposite the amount of cement sidewalk, or sod to be furnished and laid, or any of the other items of work specified. This is a very significant indication of the intention and understanding of the parties. So the wording of clause 11 of the proposal makes strongly in the same direction.

Judgment should be reversed, with costs, and judgment entered for plaintiff for full amount, with costs.

SHEARN, J., dissents.